Richard E Slezak OSB #862906
res@slezaklaw.com
Richard E Slezak *PC*
6446 Fairway Ave SE Suite 120
Salem OR 97306
503 315-2022
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**DANIEL A ZIELKE**,

    Plaintiff,

v.

**THE SPECIALISTS, INC,** an Idaho Corporation; and **JAMES R DAHL**,

    Defendants.

Case No.

**COMPLAINT**
(Personal Injury MVA)

Demand for Jury Trial

## JURISDICTION

1. This case involves diversity of the citizenship of the parties under 28 USC §1332(a), and the amount at stake is more than $75,000.

2. Plaintiff is an individual, and a citizen of the State of Oregon.

3. Defendant, THE SPECIALISTS INC, (The Specialists) is a corporation, incorporated under the laws of the State of Idaho, with its principal place of business in Mullan, Idaho. Defendant, JAMES R DAHL, is the president of The

Page 1- COMPLAINT

Specialists Inc., at all times material acting within the course and scope of his employment or agency with The Specialists.

4. Defendant, JAMES R DAHL (Dahl) is an individual, and a citizen of the State of Idaho.

5. The amount in controversy exceeds $75,000, not counting interest and court costs.

6. Diversity jurisdiction is therefore proper under 28 USC §1332(a).

## CONCISE STATEMENT OF FACTS

7. On or about 11:05 am, August 30, 2017, plaintiff was Northbound on SR-195; a public highway near Colfax, in Whitman County, Washington.

8. Plaintiff was operating a rented, 2017 Kia Sedona van, legally stopped by the flagger in an active construction zone at or near milepost 46, when he was rear-ended by a blue, 2005 Ford F-250 pick-up truck, owned by The Specialists, Inc. At the moment of impact, the vehicle being operated by Dahl, was traveling forward at a speed in excess of 50 mph.

9. Dahl stated that he was looking at the construction activity, and when he looked back at the road plaintiff's vehicle was stopped.

10. Dahl did not apply brakes to his vehicle, nor did he take evasive action before crashing into plaintiff's vehicle. Both vehicles rotated clockwise and came

to rest on the NB gravel shoulder. Dahl's vehicle spun 180 degrees, rolled onto the driver's side and struck the flagger's vehicle parked off the side of the road, causing the flagger to jump back off the road to avoid the flying vehicles.

11. Damage to the vehicles was extensive, and consistent with a high-speed collision.

12. Dahl was issued a citation by the Whitman County Sheriff for Negligent Driving.

13. Plaintiff was transported by emergency services to Whitman Hospital & Medical Center Emergency Department, in Colfax, and thereafter transported by LifeFlight air ambulance to Sacred Heart Medical Center, in Spokane, Washington.

14. At all times material, plaintiff was wearing his seat belt, properly fastened, and was operating his vehicle in a reasonable and prudent manner, with regard to the motor vehicle laws of the State of Washington.

## STATEMENT OF CLAIM

15. Dahl was negligent in one or more of the following:

   a. Failing to operate a motor vehicle in a highway work zone so as to avoid an accident;

   b. Failing to obey a flagger in a highway work zone;

   c. Failing to keep and maintain a reasonable lookout;

  d. Failing to keep and maintain his motor vehicle under control;

  e. Failing to keep and maintain a proper distance between vehicles;

  f. Using a mobile communication device while operating a motor vehicle; and

  g. Failing to keep and maintain a proper speed for the conditions.

16. As a result of defendants' negligence, plaintiff sustained serious physical injuries, including, but not limited to, a fractured neck, soft tissue injury, concussion with loss of consciousness, neuropsychological and cognitive impairment, resulting migraine headaches, dizziness and nausea, and blurred vision.  Plaintiff suffered and now suffers, pain, and emotional distress, including symptoms of depression, anxiety, nightmares, and suicidal ideation; at the moment of impact, and thereafter, pain incident to medical treatment and physical therapy; reasonable and probable future pain and suffering, some of which may be permanent.  Plaintiff has suffered loss of his professional employment; an impairment or interference with his normal and usual personal activities; a loss of the power to work; medical bills and related expenses; and a general loss of enjoyment of life.

17. As a result of defendants' negligence, plaintiff has suffered economic damages of $1,274,000, as follows:

    a.    $158,000 pre-injury lost income;

    b.    $789,000 post-injury earning capacity;

    c.    $127,000 loss of power to work, and life care items and services; and

    d.    $200,000 medical bills and related expenses.

The foregoing economic damages are continuing, and will be finally determined at trial.

18.    As a further result of defendants' negligence, plaintiff has suffered noneconomic damages of $1,000,000.

19.    Plaintiff demands a jury trial.

Wherefore, plaintiff prays for judgment against defendants, and each of them, for plaintiff's economic damages of $1,274,000; for his noneconomic damages of $1,000,000; and for his costs and disbursements incurred herein.

DATED: September __12__, 2018.

                                            RICHARD E. SLEZAK *PC*

                                            s/ Richard E Slezak
                                            Richard E Slezak  OSB# 862906
                                            503 315-2022
                                            Attorney for Plaintiff